IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 11-578 |
| THEODORE BATTISTA | : |

# O R D E R

AND NOW, this _____ day of _____, 2013, upon consideration of the defendant's Motion to Compel Discovery, and the government's opposition thereto, it is hereby

O R D E R E D

that the defendant's motion is DENIED.

BY THE COURT:

_____
HONORABLE C. DARNELL JONES II
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-578 |
| THEODORE BATTISTA | : | |

<u>**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY**</u>

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania and Faithe Moore Taylor and Ashley K. Lunkenheimer, Assistant United States Attorneys in and for the same District, respectfully requests that the defendant's motion be denied.

I.  <u>Background</u>

1. On September 28, 2011, Theodore Battista was charged by information with one count of attempted possession of oxycodone and fentanyl, and two counts of attempted possession of fentanyl, all in violation of Title 21, United States Code, Section 846.

2. On February 9, 2012, the defendant, by letter from counsel, requested certain materials from the government. In the letter request, the defendant requested that the government note in any response the specific requests that it opposed "to properly crystalize any contested issues."

3. On February 15, 2012, the government met with the defendant and defense counsel. At that meeting, the government discussed the defendant's request for certain materials. Thereafter, on March 23, 2012, the government responded by letter to the defendant, attaching a requested document, offering to make itself available to assist the defendant with

listening to recordings of the defendant, offering to arrange for the defendant to inspect sample placebos similar to those purchased by the defendant, and providing written objections to any inappropriate requests by the defendant.

4. Thereafter, the defendant did not make arrangements to review the recording with the government or to inspect sample placebos. Instead, on April 9, 2012, the defendant filed a Motion to Compel Discovery, reasserting all of his original requests without noting to the Court that some of the requests were answered by the government.

5. On December 19, 2012, the Court ordered government counsel to respond to the defendant's Motion to Compel Discovery by January 18, 2013. Because the government has responded to all appropriate requests and any outstanding requests are inappropriate as a matter of law, the government respectfully requests that the Court deny the defendant's motion.

II. Argument

The government has complied, and is aware of its continuing duty to comply, with its discovery obligations under FED. R. CRIM. P. 16. Accordingly, defendant's requests for such materials are moot.

The defendant's requests for non-Rule 16 materials can mostly be characterized as requests for Brady or Giglio material, that is, material which is either potentially exculpatory, or which may be used to impeach a witness. As is well established, Brady requires the government to disclose evidence that is favorable to the accused, and material to the accused's guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). The government's Brady obligations include impeachment evidence and exculpatory evidence. Giglio v. United States, 405 U.S. 150, 154 (1972)." The government does not dispute that the defendant is entitled to all such material. But in this matter, the government is unaware of any potential Brady material,

and will provide any Giglio materials in a timely manner so that the defendant can make use of them in cross-examination of government witnesses should there be a trial in this matter.

To the extent that the defendant seeks statements made by potential government witnesses at trial, these statements are not discoverable under FED. R. CRIM. P. 16, but are governed by the Jencks Act, 18 U.S.C. § 3500. The Jencks Act requires the government to produce the statements of any witness called at trial, after the witness's testimony on direct examination is completed. Thus, the defendant has no grounds to seek the discovery of witness statements right now and he requests something that by law the Court is not permitted to do. United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978) ("The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until the conclusion of direct examination at the trial.").

To the extent that the defendant seeks any information, including witness statements or compelling the disclosure of the names and addresses of all the people the government interviewed in connection with the larger investigation of criminal activity at the Boeing Company's Ridley Park, PA facility, whether or not the government intends to call them as witnesses at trial, the defendant is not entitled to such materials.

To the extent the defendant's motion can be read as requesting an order requiring that the government preserve all rough notes taken by law enforcement officers who investigated this case, the government recognizes its obligation to preserve rough notes and will do so. United States v. Vella, 562 F.2d 275 (3d Cir. 1977). However, these notes are preserved only to permit prosecutors and then, if necessary, trial judges, to review the notes to assure that no Jencks or Brady material is present in the notes. If no such material exists in the notes, the notes

are not produced to the defense. United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994).

In his motion, the defendant also appears to be requesting an order compelling the government to produce its witnesses or provide their whereabouts so that defense counsel can interview them. There is no statute requiring disclosure of the government's witness list. "[I]n no event is the Government required to divulge the identity of its witnesses in a noncapital case." U.S. v. Addonizio, 451 F.2d 49 (3d Cir 1971); U.S. v. Casseus, 282 F.3d 253, (3d Cir. 2002); U.S. v. DiPasquale, 740 F.2d 1282 (3d Cir. 1984). See also Weatherford v. Bursey, 429 U.S. 545, 559 ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."). However, "the district court, within its discretion, may order such disclosure to ensure the effective administration of the criminal justice system." United States v. Higgs, 713 F.2d 39, 44 n. 6 (3d Cir. 1983). It is likewise within the discretion of a court to refuse to compel such disclosure where such disclosure may endanger the witnesses. Government of the Virgin Islands v. Martinez, 847 F.2d 125, 128 (3d Cir.1988). A request to compel disclosure has been denied where no compelling justification for such disclosure was offered. See, e.g., Casseus, 282 F.3d at 257. Here, the defendant has not offered any justification, nevertheless a compelling justification. Furthermore, as the Court is aware, some individuals cooperating or perceived to be cooperating with the government in the larger Boeing investigation have already been threatened as a result of their cooperation. Accordingly, revealing potential government witnesses at any trial of the defendant creates the potential added concern for the potential witness's safety.

The defendant's motion also can be understood to request an opportunity to interview individuals who were a part of the government's larger Boeing investigation but who

will not be witnesses at any trial of the defendant. As argued above, the defendant is not entitled to disclosure of the government's witness list. Still less is he entitled to a list of people the government has interviewed who will not be witnesses at trial.

The defendant asks for disclosure of any informant's name and address "so that defense counsel may satisfy his burden under Rovario v. U.S., 353 U.S. 53 (1957)." Rovario establishes that the United States has a privilege of maintaining the confidentiality of informants. The defendant bears the burden of overcoming this privilege by establishing a need for disclosure of the informant's identity. United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980); United States v. Jimenez, 824 F.Supp. 351, 364 (S.D.N.Y. 1993). The decision whether or not to require disclosure of a confidential informant lies within the sound discretion of the district court. United States v. Gray, 47 F.3d 1359, 1363 (4th Cir. 1995).

The government's privilege against non-disclosure is overcome only where the disclosure of the informant's identity is "relevant and helpful to the defense of the accused or is essential to a fair determination" of a "colorable" defense established by a defendant. Roviaro, 353 U.S. at 60-61; Rugendorf v. United States, 376 U.S. 528 (1964). There must furthermore be a specific defense raised, United States v. Giry, 818 F.2d 120, 130-31 (1st Cir. 1987), something the defendant in the instant case has utterly failed to do. If sufficient facts and evidence in support of a specific defense are not offered by the defendant, then he is not even entitled to an in camera hearing. United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985); United States v. Fixen, 780 F.2d 1434 (9th Cir. 1986). It is well settled that, in order to satisfy his burden, the defendant "must 'come forward with something more than mere speculation as to the usefulness of such disclosure.'" United States v. Brown, 178 F.R.D. 88 (W.D.Va. 1998), citing United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). Mere speculation that disclosure would be

helpful is not sufficient to override the government's privilege. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981) ("mere speculation that an eyewitness may have some evidence helpful to the defense's case is not sufficient to show the specific need required by Roviaro."); United States v. Brenneman, 455 F.2d 809, 811 (3d Cir.1972); United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983 en banc), (quoting United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977)). Indeed, courts have uniformly held that "the defendant must demonstrate that the informant's testimony is material to the defense," Jimenez at 364, citing United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988), and that "disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense." Jimenez at 364. In United States v. Scher, 305 U.S. 251 (1938), the Supreme Court used the verbiage "essential to the defense." Id. at 254; United States v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987); United States v. Disbrow, 768 F.2d 976, 981 (8th Cir. 1985). Other courts have stated that a defendant must show a "need" for the requested information. United States v. Spires, 3 F.3d 1234 (9th Cir. 1993). The Eleventh Circuit has stated that mere conjecture about possible relevance of a confidential informant's testimony is insufficient to compel disclosure of his identity. United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991); United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984).

   The defense has not supported its request with any evidence that any informant's identity is relevant or necessary to his defense. In such circumstances, the disclosure of an informant's identity and related information is simply inappropriate.

   To the extent that the defendant seeks disclosure of expert materials under FED. R. CRIM. P. 12, or materials related to a court order for electronic surveillance, the defendant grossly misunderstands this case. At this time, the government does not intend to call an expert

witness at trial and did not use electronic surveillance other than lawful consensual recordings. Pursuant to Title 18, United States Code, Section 2511(2)(c), it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent. This obviates any need for a warrant or court approval prior to the interception of this type of communication. United States v. Armocida, 515 F.2d 49, 52 (3d Cir.), cert. denied, 423 U.S. 858 (1975); United States v. Santillo, 507 F.2d 629 (3d Cir.), cert. denied, 421 U.S. 968 (1975). If the government ultimately decides to offer expert testimony, government counsel will of course comply with its Rule 12 disclosure obligations. But this is an extremely straight-forward case. The defendant illegally bought placebo controlled substances while working at the Boeing Company's Ridley Park, PA facility from an individual cooperating with the government, believing that he was illegally purchasing actual controlled substances. The government informant had agreed to consensually record his "reverse" sale to the defendant. That is the essence of the facts behind the charges, and the essence of the evidence the government will submit to a jury at trial. It is possible that the government will also seek the admission of Rule 404(b) evidence or statements made by the defendant under a "proffer agreement," and if that becomes the government's intention, it will move to do so before the Court. But the government has complied and will continue to comply with its discovery, Brady/Giglio and all other discovery-related obligations to the defendant. There simply are no merits to the defendant's Motion to Compel Discovery and government counsel respectfully requests that it be denied.

III.     Conclusion

Accordingly, for the foregoing reasons, the government respectfully requests that the Court deny Battista's Motion to Compel Discovery.

                              Respectfully submitted,

                              ZANE DAVID MEMEGER
                              United States Attorney

                              _____/s/_____
                              FAITHE MOORE TAYLOR
                              ASHLEY K. LUNKENHEIMER
                              Assistant United States Attorneys

Dated: January 17, 2013

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Battista's Motion to Compel Discovery in this case has been served by me this date, by email or electronic filing upon the following individual:

Jeremy H.G. Ibrahim
Law Offices of Jeremy H. Gonzalez Ibrahim
P.O. Box 1025
Chadds Ford, PA 19317
jeremyibrahim.esq@verizon.net
*Counsel for Theodore Battista.*

_____/s/_____
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

Date: January 17, 2013